UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Shannon Tyrone Craig,  Case No.: 12cv1772 (SRN/SER)

    Plaintiff

v.  **REPORT AND RECOMMENDATION**

Minneapolis Police Department,

    Defendant.

---

Plaintiff, an Iowa state prison inmate, commenced this action by filing a civil complaint, and an application for leave to proceed *in forma pauperis*, ("IFP"). (Docket Nos. 1 and 2.) The matter has been assigned to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.

Because Plaintiff is a prisoner, he is required to pay an initial partial filing fee before he can proceed IFP. *See* 28 U.S.C. § 1915(b)(1). On August 23, 2012, the Court ordered Plaintiff to pay an initial partial filing fee of $21.41 within twenty (20) days. [Doc. No. 4.] Plaintiff did not pay his initial partial filing fee as ordered, but he instead filed a motion asking to be excused from paying that fee. [Doc. No. 5.] Based on the representations made in Plaintiff's motion, the Court now finds that Plaintiff has "no assets and no means" by which he can pay an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4). Notwithstanding this Court's Order that Plaintiff is not excused from paying the entire filing fee overtime, the Court will recommend that Plaintiff's motion to be excused from paying his initial partial filing fee be granted. The Court will also recommend, however, that Plaintiff's IFP application be denied, and that this action be summarily dismissed, for the reasons discussed below.

1

## I. BACKGROUND

Plaintiff is attempting to sue a single Defendant identified as "Minneapolis Police Department." The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "Beaten up by Minneapolis Police while being arrested. Causing pain & suffering in 2010-2009-2011."

Based on this brief accusation alone, Plaintiff is seeking a judgment against Defendant for $100,000,000.00.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a governmental defendant, his pleading must be screened pursuant to 28 U.S.C. § 1915A. That statute requires federal courts to review every prisoner complaint brought against governmental agents or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The court must determine which aspects of the complaint are actionable and should be allowed to proceed. When a pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1). Here, Plaintiff failed to state any actionable claim for relief against the "Minneapolis Police Department."

To state a cause of action on which relief may be granted, a claimant must allege a set of specific historical facts, that, if proven true entitle the claimant to some redress against the defendant(s) under some cognizable legal theory. *See Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). *See also, Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985)

("[a]lthough it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions"). The facts supporting a plaintiff's claims must be clearly set forth. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's current pleading does not meet this standard. Plaintiff has not alleged any facts that could support any claim against the named Defendant based on any legal theory. Plaintiff's complaint therefore fails to state a cause of action on which relief can be granted.

The Court further notes that the only named Defendant, "Minneapolis Police Department," is not a cognizable legal entity that has capacity to be sued as such. *See Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992), ("[t]he West Memphis Police Department and West Memphis Paramedic Services are not judicial entities suable as such[;] [t]hey are simply departments or subdivisions of the City government"). This is an additional reason why Plaintiff's complaint fails to state an actionable claim for relief.

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's current complaint fails to state a cause of action on which relief can be granted. The Court recommends that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The Court also recommends that Plaintiff's IFP application be denied. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid

balance of the $350 filing fee.[1] Plaintiff has not yet paid any fee in this matter, so he still owes the full $350. Prison officials will have to deduct that amount from Plaintiff's trust account, and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Because Plaintiff has not pleaded an actionable claim for relief, the Court further recommends that his pending motion for appointment of counsel, [Doc. No. 3], be summarily denied. *See Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995) (appointment of counsel should be considered **if** the claimant has stated a facially cognizable claim for relief). Finally, the Court recommends that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's motion to be excused from paying an initial partial filing fee, [Doc. No. 5], be **GRANTED**;

2. Plaintiff's application for leave to proceed *in forma pauperis*, [Doc. No. 2], be

---

[1] Under the Prison Litigation Reform Act, ("PLRA"), prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

**DENIED**;

      3. Plaintiff's motion for appointment of counsel, [Doc. No. 3], be **DENIED**;

      4. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

      5. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2); and

      6. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated: October 11, 2012                *s/Steven E. Rau*
                                                          Steven E. Rau
                                                          U.S. Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 25, 2012** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.